IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-03383-CNS-MEH

GRANT WHITUS,
JOHN DELUE,
JOAQUIN BACA,
PHILIP BACA, and
ALEX MANCUSO,

    Plaintiffs,

v.

ZACHARY VENEGAS,
SCOTT OGUR,
FORIAN INC., a Delaware corporation,
HELIX TECHNOLOGIES, INC., a Delaware corporation, and
HELIX TCS, LLC, a Delaware limited liability company,

    Defendants.

## ORDER

Before the Court are (1) Defendants Forian Inc., Helix Technologies Inc., and Helix TCS LLC's (collectively, the Forian Defendants) Motion to Dismiss the Second Amended Complaint (ECF No. 46) and (2) Defendants Venegas and Ogur's (collectively, the Individual Defendants) Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 47). The Court DENIES IN PART and GRANTS IN PART the motions for the following reasons.

1

## I.  FACTS[1]

On July 31, 2021, Plaintiffs filed the initial Complaint in Colorado state court, which Defendants removed to the United States District Court for the District of Colorado (ECF Nos. 1, 8).  This civil action arises from a merger of Helix Technologies, Inc. (Helix), a Delaware corporation, and Medical Outcomes Research Analytics, LLC in 2020; consequently, Defendant Forian is the surviving business entity (ECF No. 37, p. 3).  Defendant Venegas formed Helix on March 26, 2015, and appointed Defendant Ogur as the Chief Financial Officer (*id.*, pp. 4-7).  The crux of this civil action is the allegation that Defendant Venegas promised Plaintiffs equity in his company in exchange for their work and then Plaintiffs discovered said promises were illusory after the merger.

Plaintiffs allege that they were promised owned shares in Forian by Venegas but those ownership units were "washed out" by the acts and omissions of Defendants Venegas and Ogur (*id*.).  Specifically, Plaintiffs allege that Plaintiffs Whitus, DeLue, Baca, and Baca were promised 2.5 percent fully-vested and non-dilutable equity in Helix TCS, LLC in exchange for working for the company (*id*., pp. 5-6).  Plaintiffs allege that Defendant Mancuso was promised 13,600 fully vested and non-dilutable interests in Helix TCS, LLC in exchange for working for the company (*id.*, p. 6).  Plaintiffs raise ten claims for relief:  (1) common law breach of contract; (2) common law promissory estoppel; (3) common law breach of the covenant of good faith and fair dealing; (4) common law civil theft and conversion; (5) common law fraud and fraudulent inducement; (6) common law civil conspiracy; (7) common law unjust enrichment; (8) common law quantum

---

[1] For the purposes of this motion, the Court takes as true all allegations of the Second Amended Complaint (*see* ECF No. 37).

meruit; (9) common law breach of fiduciary duty; and (10) violation of the Colorado Wage Claim Act (CWCA), Colorado Revised Statute §§8-4-101, *et seq*., (*id*., pp. 17-28).

The Forian Defendants move to dismiss the Second Amended Complaint, arguing: (1) Plaintiffs' breach of contract claims are (A) outside the statute of limitations or (B) precluded by subsequent agreements; (2) Plaintiffs' claims of conversion, fraudulent misrepresentation, civil conspiracy, and breach of fiduciary duty are barred by the economic loss rule; and (3) Plaintiffs fail to state a claim for (A) promissory estoppel, (B) breach of the covenant of good faith and fair dealing, (C) civil theft or conversion, (D) fraudulent inducement, (E) civil conspiracy, (F) unjust enrichment and quantum meruit, (G) breach of fiduciary duty against Forian, and (H) a CWCA claim against Forian (ECF No. 46, pp. 5-21).

The Individual Defendants move to dismiss the Second Amended Complaint, arguing: (1) Plaintiffs' first nine claims are barred by the applicable statutes of limitations; (2) Plaintiffs cannot recover for unjust enrichment and breach of contract; (3) Plaintiffs cannot recover for both unjust enrichment and quantum meriut; (4) the economic loss rule precludes claims against Defendant Venegas for conspiracy and breach of fiduciary duty; and (5) Plaintiffs cannot establish a claim for civil theft because they did not possess the property (ECF No. 47, pp. 5-15).

## II.  LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Additionally,

3

the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III.  ANALYSIS

#### A.  Statute of Limitations & Subsequent Contract

##### 1. Statute of Limitations

Defendants, in both motions, argue that Plaintiffs' first nine claims are barred by the applicable statutes of limitations because Plaintiffs knew or should have known that their claims accrued (1) in 2015 when Helix Technologies merged with Helix LLC or (2) in 2017 because they had constructive notice from public 2017 SEC registration statements and Plaintiffs' claims accrued two or three years after the SEC filings in 2020 (ECF Nos. 46, pp. 5-7; 47, pp. 5-9). Plaintiffs argue that there are no allegations that Plaintiffs had actual notice and that Defendants fail to cite any authority that Plaintiffs are presumed to have constructive notice based on the date of the SEC filings.

At the motion to dismiss stage, courts cannot generally consider evidence outside the four corners of the complaint and the sufficiency of the complaint must rest on the contents of pleadings alone. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). In limited instances, the Court may consider documents outside of the plaintiff's complaint; however, in this case, Defendants did not attach any SEC registration statements for this Court to consider. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013) (noting that a court may review documents referred to in the complaint if they are central to the claims and the parties do not dispute the document's authenticity). Regardless, the Court finds that resolving the statute of limitations is premature because there are not sufficient facts developed to support dismissing the case based on the date of the SEC filings. *See Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022).

*2. Subsequent Contract-2019 Employment Agreement/Merger Clause*

The Forian Defendants argue Plaintiffs Whitus and DeLue's contract claims are precluded by the merger clause within the 2019 employment contracts with Helix Technologies, Inc. (ECF No. 46, p. 7). The Forian Defendants concede for the purposes of this briefing that there were no written contracts formed prior to the June 2019 agreement and that from 2015 through May 2019, the parties were operating upon oral agreements (*id.*; *see also* ECF No. 46-1, p. 12).

The 2019 agreements contain a merger clause that notes that the agreements "supersede any prior oral or written understanding concerning the subjects herein" (ECF No. 46-1, p. 14). The At-Will Employment Agreement[2] specifically notes:

> It is the intent of the Parties that all rights and obligations under all prior written agreements, other than the graduated leakout agreement previously

---

[2] This document is also referred to in the Second Amended Complaint; thus, the Court does not need to convert this motion to dismiss into a motion for summary judgment.

> executed, and policies shall be waived and forfeited upon execution of this Agreement.

(ECF No. 46-1, p. 11).  Furthermore, the contract stipulates that

> 2.5. Stock Options. The Company shall grant Employee [number] stock options upon the execution of this agreement. Such options shall vest within three months and have an exercise price equal to the fair market value of the Company's common stock on the date of issuance.
>
> The Company and Employee acknowledge that *Employee will receive [number] shares of Company common stock for past performance.* Such shares will be paid to Employee 100,000 shares per year, *unless otherwise agreed by the parties*. In the event that Employee's employment with the Company is terminated, Company will ensure that any shares remaining to be issued pursuant to this paragraph will be given to Employee within 30 days of such termination, and any leakout agreement in effect between the parties shall remain in effect for so long as Employee owns any of these shares.
>
> [. . .]
>
> 10.0. Merger. This Agreement constitutes the entire agreement between Employee and the Company *with respect to all matters contained herein* and *supersedes any prior oral or written understanding concerning the subjects herein*. This Agreement may only be modified in writing by mutual agreement of the Parties.

(*Id.*, pp. 12, 14) (emphasis and alterations added).  Plaintiffs alleged that Defendant Venegas gave each of the Founding Member Plaintiffs (Grant Whitus, John DeLue, Phil Baca, and Joaquin Baca) a 2.5 percent fully vested and non-dilutable ownership interest in Defendant Venegas' one-third ownership units of Helix LLC (ECF No. 37, p. 4).  Plaintiffs argue that the merger clause does not preclude Whitus' or DeLue's contract claims because the contracts only pertain to the subject matter within said contracts rather than any prior oral agreements, that Whitus and DeLue "were already vested owners of the business," and the 2019 contracts cannot eliminate Plaintiffs' "fully-vested non-dilutable ownership interests" (ECF No. 48, p. 11).  Moreover, Plaintiffs argue that the

6

2019 employment agreement does not supersede their equity in Helix LLC because the scope of the 2019 at-will employment agreement was prospective, not retroactive in scope (ECF Nos. 37, p. 14; 48, pp. 11-13).

A plain reading of the contract permits the interpretation that the parties did not fully extinguish the prior terms of the parties' oral agreements. "In order to accomplish the substitution of a new contract for an existing contract, the pre-existing obligation must be extinguished; mere modification of certain contract terms does not suffice." *Colowyo Coal Co. v. City of Colorado Springs*, 879 P.2d 438, 443 (Colo. App. 1994). The Tenth Circuit has also confirmed that if a superseding contract does not explicitly nullify all prior contracts, agreements, and promises of any kind then the court cannot infer that there is complete nullification and must read any prior agreements in conjunction with later agreements. *See Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 778 (10th Cir. 2010) ("On the contrary, the Retention Bonus Agreement's failure to mention some matters addressed in the Employment Agreement and its treating other matters in significantly less detail suggests that the parties would continue to look to the Employment Agreement insofar as it was not inconsistent with the Retention Bonus Agreement."). It is possible that this analysis may change post-discovery; however, at the present time, the Court finds that Plaintiffs' claims survive Rule 12(b)(6) scrutiny.

**B. Economic Loss Rule**

Under Colorado common law, a plaintiff who alleges an economic loss from a breach of contract ordinarily lacks a cause of action for a tort absent an independent duty of care. *Town of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000). The Colorado Supreme Court defines economic loss as "damages other than physical harm to persons or property." *Id*.

7

Defendants argue that the economic loss rule bars Plaintiffs' claims for conversion, fraudulent misrepresentation, civil conspiracy, and breach of fiduciary duty (ECF Nos. 46, pp.8-9; 47, pp. 10-13). The applicability of Colorado's economic loss rule hinges "on the nature of the duty allegedly breached, not the nature of alleged damages." *Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 573 F.3d 947, 962 (10th Cir. 2009).

For a claim to survive a motion to dismiss based on the economic loss rule, a plaintiff "merely has to allege sufficient facts, taken in the light most favorable to him, that would amount to the violation of a tort duty that is independent of the contract." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1020 (10th Cir. 2018). In order to find a duty independent of a contract, and thus actionable in tort, the duty must (1) "arise from a source other than the relevant contract," and (2) "the duty must not be a duty also imposed by the contract." *Swan Glob. Invs., LLC v. Young*, No. 18-CV-03124-CMA-NRN, 2020 WL 897654, at *5 (D. Colo. Feb. 25, 2020) (citing *Haynes*, 573 F.3d at 962). The economic loss rule applies not only in the context of a single contract, but "when the claimant seeks to remedy only an economic loss that arises from interrelated contracts." *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 68 (Colo. 2004). The Colorado Supreme Court further clarified that certain common law claims that sound in tort and are expressly designed to remedy economic loss may exist independent of a breach of contract claim (i.e., common law fraud and negligent misrepresentation). *See Town of Alma*, 10 P.3d at 1263 (collecting cases).

In Plaintiffs' breach of fiduciary duty claim, Plaintiffs allege that Defendant Venegas acted as a trustee of the Founding Member Plaintiffs by holding their equity ownership units and, ultimately, breached his fiduciary duty to Plaintiffs (ECF No. 37, pp. 26-27). Accordingly,

8

Plaintiffs argue that the remaining Defendants are also fiduciaries as they hold the equity ownership rights that rightfully belong to Plaintiffs and are successors in interest after the merger (*id.*; *see also* ECF No. 48, p. 13).

The Court also notes that the initial agreement between the parties regarding equity rights was an oral agreement between Plaintiffs and Defendant Venegas—Defendants have already conceded for the purposes of these motions that there were no written contracts from 2015 to May 2019. Furthermore, the At-Will Employment Agreement "is so barren of any specifics that one cannot say that the alleged breached duties arose under provisions of the contract, as opposed to . . . some independent duty of care under tort law." *Swan Glob. Invs., LLC*, 2020 WL 897654, at *5. The Court finds that, at this stage in the litigation, the contracts are silent with respect to all of Plaintiffs' tort claims (conversion, fraudulent misrepresentation, civil conspiracy, and breach of fiduciary duty) and that there is no way for this Court to determine that the tort claims were contemplated under the terms of the contract. *Cf. Micale v. Bank One N.A. (Chicago)*, 382 F. Supp. 2d 1207, 1221 (D. Colo. 2005) (finding that the terms of the contract were the same as or subsumed the duties of care imposed by the common law). Due to the lack of specificity within the contractual language, the Court declines to find that the economic loss rule bars Plaintiffs' tort claims; therefore, the Court finds that Plaintiffs' tort claims survive Rule 12(b)(6) scrutiny.

Regardless, the Court determines that these claims may be pled in the alternative at this stage of the litigation. *See Bartch v. Barch*, No. 18-CV-03016-RBJ-NYW, 2022 WL 3597119, at *3 (D. Colo. May 9, 2022) ("The economic loss rule would prevent recovery on plaintiff's conversion claim if the tort duty were memorialized in the contract. But Defendants claim that no

contract exists. If there is no contract, then the conversion claim cannot duplicate a contract claim. Plaintiff is permitted to plead the contract and conversion claims in the alternative.").

### C. Failure to State a Claim Under Rule 12(b)(6)

#### 1. Promissory Estoppel

The Forian Defendants argue that Plaintiffs fail to state a claim for promissory estoppel because they do not allege that they relied upon any specific promises to their detriment (ECF No. 46, pp. 9-10). To establish a claim for promissory estoppel, Plaintiffs must show: (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that promise would induce action or forebearance by the promise; (3) the promisee in fact reasonably relied on the promise to their detriment; and (4) the promise must be enforced to prevent injustice. *Peace v. Parascript Mgmt., Inc.*, 59 F. Supp. 3d 1020, 1029 (D. Colo. 2014); *see also Pinnacol Assurance v. Hoff*, 375 P.3d 1214, 1221 (Colo. 2016). Plaintiffs specifically allege in the Second Amended Complaint that the Defendants made promises of equity ownership interests in Helix to induce them to work for Defendants at a reduced rate of pay and then never received the equity ownership interests after Helix merged with Forian in 2020 (*see* ECF No. 37, pp. 4, 20). The Court finds that this claim survives scrutiny under Rule 12(b)(6).

#### 2. Breach of Duty of Good Faith and Fair Dealing

The Forian Defendants argue that Plaintiffs fail to allege a specific contract term that allows for discretion on the part of either party and, therefore, cannot state a claim for breach of duty of good faith and fair dealing (ECF No. 46, pp. 10-11). Plaintiffs allege that (1) Defendants' promises to the Plaintiffs imposed a duty of good faith and fair dealing in their performance and enforcement of the contract and (2) then breached said duty by inducing Plaintiffs to keep working for Helix as

Defendants never intended to give Plaintiffs equity ownership interests in the company (ECF No. 48, pp. 17-18).

In Colorado, every contract contains an implied duty of good faith and fair dealing, and a breach of this inherent duty gives rise to a claim for breach of contract. *McDonald v. Zions First Nat'l Bank, N.A.*, 348 P.3d 957, 967 (Colo. App. 2015). The duty applies when "one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time" and involves "faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995). The Forian Defendants' argument is unavailing—after arguing that all of Plaintiffs' tort claims were barred by the economic loss doctrine, they now argue that Plaintiffs' breach of duty claim should be dismissed because Plaintiffs' cannot point to a specific contract clause to show a breach (ECF No. 46, p. 11). The pleadings are clear: Defendant Venegas made an oral contract with Plaintiffs to work for him and his startup, Helix LLC, and in exchange, Plaintiffs would receive ownership equity interests. Plaintiffs also allege that they never received their respective percentages of equity ownership when Helix merged with Forian in late 2020 and their vested interests in the company were washed out (ECF No. 37, p. 17). Accordingly, Plaintiffs' claims survive Rule 12(b)(6) scrutiny.

### 3. Civil Theft and Conversion

Both sets of Defendants move to dismiss Plaintiffs' civil theft and conversion claims (ECF Nos. 46, p. 12; 47, pp. 13-14). The Individual Defendants argue that Plaintiffs cannot claim civil theft of property they have never possessed and that unfulfilled promises do not state a claim for theft (ECF No. 47, pp. 13-14). Similarly, the Forian Defendants argue that Plaintiffs did not have

11

actual or constructive possession of any equity, failed to allege when their claimed equity interests arose or accrued, and did not allege that Forian took anything from Plaintiffs (ECF No. 46, pp. 12-13).

To establish civil theft, Plaintiffs must show: (1) Defendants knowingly obtained control over the property without authorization and (2) Defendants did so with the specific intent to permanently deprive Plaintiffs of the benefit of the property. *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 509 (Colo. App. 2009) (citing Colo. Rev. Stat. § 18-4-401(1)). Specifically, the Forian Defendants argue that Plaintiffs have not alleged that they "provided any services in advance of or concurrently with the alleged promises of equity and have not otherwise alleged when their rights to possession accrued" (ECF No. 46, pp. 12-13). Plaintiffs allege that Defendants agreed to provide them with equity ownership interests in Helix as part of their total earned compensation and that "Plaintiffs continued to work and provide services to Defendants' benefit for several years" (ECF No. 37, p. 22). The Court finds that Plaintiffs have sufficiently pled a claim for civil theft and conversion to survive Rule 12(b)(6) scrutiny and that it would be more appropriate to analyze this issue after discovery has occurred.

### 4. Fraud and Fraudulent Inducement

The Forian Defendants argue that Plaintiffs cannot satisfy the stringent pleading standard of Rule 9(b) in order to state a claim for fraudulent inducement. In order to establish fraudulent inducement under Colorado law, Plaintiffs must show: "(1) the defendant made a fraudulent misrepresentation of fact or knowingly failed to disclose a fact that defendant had a duty to disclose; (2) the fact was material; (3) the plaintiff relied on the misrepresentation or failure to disclose; (4) the plaintiff's reliance was justified; and (5) the reliance resulted in damage to the

plaintiff." *Granite Southlands Town Ctr., LLC v. Provost*, 445 F. App'x 72, 75 (10th Cir. 2011) (citation omitted). Plaintiffs allege that Defendant Venegas, as an officer and director of Helix Inc., made false and misleading representations to the Founding Member Plaintiffs and Plaintiff Mancuso between 2015 to 2018 in order to induce Plaintiffs into working for Defendants Venegas and Helix at a reduced rate of pay and never intended to actually convey equity ownership interests in Helix or Forian (post-merger) to Plaintiffs (ECF No. 37, pp. 22-23). For purposes of pleading, the Court finds these allegations to be sufficient to survive Rule 12(b)(6) scrutiny.

### 5. Civil Conspiracy

The Forian Defendants next argue that Plaintiffs fail to allege that Forian conspired with another person as it cannot conspire with its own agents or employees and did not allege an overt unlawful act (ECF No. 46, pp. 16-17). Plaintiffs contend that they did not allege the Defendants Venegas and Ogur were agents or employees of Forian prior to the merger and that the overt act was the wash-out of Plaintiffs' vested interest in Helix LLC's ownership interests after the merger with Forian in 2020 (ECF No. 48, pp. 21-22).

In order for Plaintiffs to establish a civil conspiracy in Colorado, Plaintiffs must show "(1) two or more persons, and for this purpose a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Bell v. 3M Co.*, 344 F. Supp. 3d 1207, 1228 (D. Colo. 2018). This particular cause of action is a derivative claim and not actionable by itself; therefore, "a plaintiff can impose liability on one party for unlawful conduct engaged in by another." *Johnstown Feed & Seed, Inc. v. Cont'l W. Ins. Co.*, 641 F. Supp. 2d 1167, 1183-84 (D. Colo. 2009). "[T]he essence of a civil conspiracy claim is not the conspiracy itself,

but the actual damages resulting from the acts done in furtherance of the conspiracy." *Resol. Tr. Corp. v. Heiserman*, 898 P.2d 1049, 1055 (Colo. 1995). Plaintiffs allege that Defendants Venegas, Ogur, and Forian conspired to defraud Plaintiffs through a "system of complex transfers of assets, acquisitions, and mergers" to deprive Plaintiffs of their equity ownership interests in Helix in 2020, concealed the scheme from the Plaintiffs, and retained the ownership rights and profits for themselves (ECF No. 37, pp. 24-25). For purposes of a Rule 12 motion, the Court finds that Plaintiffs have pleaded enough facts to satisfy Rule 9 and to proceed to discovery.

*6. Quantum Meruit/Unjust Enrichment/ Contract and Quasi-Contractual Claims*

A quantum meruit claim is the same claim for unjust enrichment. *See Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 444 (Colo. 2000). Plaintiffs concede this argument (ECF No. 48, p. 23 n.2). Accordingly, Plaintiffs' Eighth Claim for quantum meruit is dismissed as duplicative and Defendants' motions to dismiss are GRANTED on this claim (*See* ECF Nos. 46, p. 17; 47, pp. 9-10).

The Forian Defendants argue that Plaintiffs' claim for unjust enrichment should be dismissed because (1) express contracts preclude an implied-in-law contract and therefore Plaintiffs cannot recover on a quasi-contractual claim; and (2) Plaintiffs do not allege any specific benefits received by Defendants or that those benefits were incurred at Plaintiffs' expense (ECF No. 46, pp. 17-18). The Individual Defendants raise a similar implied-in-law contract argument as the Forian Defendants (*see* ECF No. 47, p. 9), therefore, the Court examines these arguments together.

In Colorado, to raise a claim for unjust enrichment, Plaintiffs must establish that (1) the defendant received a benefit, (2) at the plaintiff's expense, and (3) under circumstances that would

make it unjust for defendant to retain the benefit without paying. *See Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008). A plaintiff is entitled to plead claims for breach of contract and unjust enrichment in the alternative; a party cannot recover for both when there is an express contract that "covers the same subject matter because the express contract precludes any implied-in-law contract." *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003); *see also Stone Creek Bus. Ctr., LLLP v. Stone Creek-Colorado*, LLC, No. 20-CV-01413-PAB-GPG, 2022 WL 4448822, at *2 (D. Colo. Sept. 23, 2022). Plaintiffs may plead this claim in the alternative and, therefore, Plaintiffs' claim survives scrutiny under Rule 12. *See Interbank Invs., LLC*, 77 P.3d at 816 (noting that a party can recover on quasi-contract when (1) the implied-in-law contract covered conduct outside the express contract or matters arising subsequent to the express contract or (2) if the express contract failed or was rescinded).

### 7. Breach of Fiduciary Duty against Defendant Forian

The Forian Defendants next argue that Plaintiffs fail to state a claim for breach of fiduciary duty against Defendant Forian because Plaintiffs' allegations are "conclusory and speculative." Plaintiffs stated in the Second Amended Complaint that:

> The remaining Defendants are also fiduciaries to Plaintiffs, to the extent they are holding equity ownership rights belonging to Plaintiffs, and if they are, they too have breached their fiduciary duties to Plaintiffs in failing to recognize Plaintiffs' ownership interests and account to them for their shares.

(ECF No. 37, p. 27). Under Colorado law, in order to establish breach of fiduciary duty, Plaintiffs must show that: "(1) the defendant was acting as a fiduciary of the plaintiff; (2) the defendant breached a fiduciary duty to the plaintiff; (3) the plaintiff incurred damages; and (4) the defendant's breach of fiduciary duty was a cause of the plaintiff's damages." *Graphic Directions, Inc. v. Bush*,

15

862 P.2d 1020, 1022 (Colo. App. 1993). Other than fiduciary relationships that are established under the law, a fiduciary duty may arise when "one party occupied a superior position relative to another and assumed a duty to act in the dependent party's best interest." *SGS Acquisition Co. Ltd. v. Linsley*, 352 F. Supp. 3d 1109, 1119 (D. Colo. 2018). Plaintiffs argue that they cannot establish the full extent of Defendant Forian's relationship with Defendant Venegas until discovery is conducted (ECF No. 48, p. 16). The Court determines that Plaintiffs have pleaded enough facts to proceed to discovery on this claim.

*7. Colorado Wage Claim Act, C.R.S. §§8-4-101, et seq. (Whitus' and DeLue)*

Finally, the Forian Defendants argue that Plaintiffs' Colorado Wage Claims Act (CWCA) claim should be dismissed with respect to their assignment to Invicta Solutions because (1) Plaintiffs do not allege that Defendant Forian was their employer under the CWCA and (2) Plaintiffs do not allege that any written demand was made on Defendants under the CWCA (ECF No. 46, pp. 20-22). Plaintiffs allege in the Second Amended Complaint that:

> In or about November 2020, Whitus and DeLue met with Venegas and Ogur at Helix Technologies' offices in Denver. Venegas and Ogur asked Plaintiffs to undertake a new assignment to help them shore up the sale of the security division of Helix to Invicta Solutions. To ensure that they would be paid in full for the sale Venegas and Ogur promised Whitus and DeLue each $75,000.00 and 100,000 additional shares if they completed their assignment with Invicta Solutions. Whitus and DeLue accepted the assignment and were assigned to Invicta Solutions temporarily, as employees, to ensure retention of customers for six months after the sale, so Helix Technologies would receive the full sale price.
>
> [. . .]
>
> Venegas and Ogur had no intention of following through on their promise for wages and additional shares, and in fact, never provided those wages and additional shares after the services were satisfactorily completed by Whitus and DeLeu. They also knew of the Forian Merger, which was then

16

> underway. Philip Baca had already left the company and returned to law enforcement. By early 2021, they had all left the Company.

(ECF No. 37, p. 16). Plaintiffs argue that because Helix Technologies merged with Forian, Forian is the successor-in-interest and any liability for unpaid services inures to Forian. A plaintiff may raise a CWCA claim against a successor in interest, especially if the operation of the business has remained the same. *See, e.g., Bryant v. Act Fast Delivery of Colorado, Inc.*, No. 14-CV-00870-MSK-NYW, 2015 WL 3929663, at *1 n.3 (D. Colo. June 25, 2015). Under the CWCA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Mason v. Miro Jewelers, Inc.*, No. 19-CV-02459-LTB-KLM, 2020 WL 6828015, at *2 (D. Colo. Mar. 17, 2020); *see also* Colo. Rev. Stat. § 8-4-101(6). Courts are to construe the terms "employee" and "employer" expansively and an employee may have more than one employer responsible. *Id*. The Court finds that Plaintiffs have alleged that Defendant Forian is the successor-in-interest who is liable for their CWCA claim.

As to Defendant Forian's argument (i.e., that Plaintiffs Whitus and DeLue are not entitled to statutory penalties under the CWCA because they have not alleged that any written demand was made), Plaintiffs concede that they failed to make this allegation but did send the written notice within the required 14-day period (ECF No. 48, p. 25). Regarding this issue, Plaintiffs ask the Court for leave to supplement the Second Amended Complaint. The Court finds that supplementing the Second Amended Complaint is sufficient to resolve this issue and this request is GRANTED.

## IV.  CONCLUSION

Accordingly, Defendants' motions to dismiss are DENIED IN PART and GRANTED IN PART consistent with the above analysis (ECF Nos. 46, 47). Plaintiffs' eighth claim for relief is dismissed as duplicative.

It is FURTHER ORDERED that Plaintiffs have five (5) days to supplement the Second Amended Complaint regarding the claim under the Colorado Wage Claim Act.

DATED this 28th day of February 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge